UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAWOO MILLS**                                                            **CIVIL ACTION**

**VERSUS**                                                               **NO. 21-368-SDD-SDJ**

**DOLLAR GENERAL**
**CORPORATE OFFICE**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Before the Court is the Complaint of Plaintiff Dawoo Mills, who is representing himself.[1] Because it is not clear that this Court has federal subject matter jurisdiction over the claims asserted, Plaintiff is ordered to file an Amended Complaint in accordance with this Order. Alternatively, Plaintiff may voluntarily dismiss the case.

**I. Background**

In his June 24, 2021 Complaint, Plaintiff alleges that he was falsely accused of theft at the Dollar General Store #06589 located at 5652 Government Street, Baton Rouge, Louisiana, on July 24, 2000. ("the Incident"). Plaintiff alleges that the manager of the store publicly accused him of hiding merchandise in his clothing in front of other store customers. Plaintiff also alleges that he heard an announcement over the store's P.A. system, "the police are on the way you need to leave the store."[2] After waiting for the police until "16:05 p.m.," Plaintiff left with the cool blue Gatorade he had purchased at the Dollar General and walked down the street. Plaintiff then saw police cars arrive at the Dollar General, so he returned to the store and spoke to an officer.

---

[1] R. Docs. 1, 4, 10.
[2] R. Doc. 1, ¶ 19.

As a result of the Incident, Plaintiff seeks damages from Dollar General Corporate Office for defamation of his character, asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant filed an Answer on August 12, 2021, as "DG Louisiana, LLC."³

## II. Law and Analysis

Unlike state district courts, which are courts of general jurisdiction that may hear all types of claims, federal courts have limited subject matter jurisdiction. Federal subject matter jurisdiction may generally be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States,"⁴ and over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).⁵ The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Plaintiff).⁶ A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.⁷

*Diversity Jurisdiction*

Subject matter jurisdiction pursuant to 28 U.S.C. § 1332 requires that (1) all defendants must be citizens of states other than the state(s) of which any plaintiff is a citizen and (2) that the

---

³ R. Doc. 8.
⁴ 28 U.S.C. § 1331.
⁵ 28 U.S.C. § 1332. Aside from 28 U.S.C. § 1331 and § 1332, which are the most common bases for federal subject matter jurisdiction, there are also other statutory grants of original jurisdiction that apply to specific types of cases but do not appear applicable here.
⁶ *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
⁷ *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005). *See Cephus v. Texas Health & Hum. Servs. Comm'n,* 146 F. Supp. 3d 818, 825 (S.D. Tex. Nov. 19, 2015) ("A court may *sua sponte* raise a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction at any time. *Westland Oil Development Corp. v. Summit Transp. Co.*, 481 F.Supp. 15 (S.D. Tex. 1979), *aff'd*, 614 F.2d 768 (1980). Fed. Rule of Civil Procedure 12(h)(3) states, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Kidd v. Southwest Airlines Co.*, 891 F.2d 540, 545 (5th Cir.1990)("[F]ederal courts must address jurisdictional questions *sua sponte* when the parties' briefs do not bring the issue to the court's attention.")….").

amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff has not sufficiently alleged that the Court has diversity jurisdiction due to the following deficiencies.

With respect to Plaintiff, "For diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient."[8] Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[9] The Complaint only lists the Plaintiff's address in Baton Rouge, Louisiana, which not enough to plead his citizenship.[10] For Plaintiff to properly plead his own citizenship, Plaintiff must plead Plaintiff's *domicile.*

Plaintiff has named "Dollar General Corporate Office" as a defendant and attached a printout from the Louisiana Secretary of State, showing the applicant for the trade name "Dollar General" is an entity named, "DG Louisiana, LLC." The citizenship of a corporation is determined by its place of incorporation and its principal place of business.[11] The citizenship of a limited liability company is the citizenship of all of its members.[12] The Complaint does not allege whether the named (or intended) Defendant is a corporation or a limited liability company. If the Defendant is a corporation, Plaintiff must plead its place of incorporation and principal place of business. If the Defendant is a partnership or limited liability company, then Plaintiff must plead the citizenship of each of its members. To properly allege the citizenship of a limited liability company and a partnership, a party must identify each of the members of a limited liability company and the partnership, and the citizenship of each member in accordance with the requirements of 28 U.S.C.

---

[8] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
[9] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996), citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).
[10] R. Doc. 1, p. 1.
[11] "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[12] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008).

§ 1332(a) and (c). The same requirement applies to any member of a limited liability company or a partnership that is also a limited liability company.[13]

Plaintiff has also failed to sufficiently allege that the amount in controversy exceeds $75,000, exclusive of interests and costs. Based on the allegation in the Complaint, it appears that Plaintiff is only seeking damages associated with defamation from the Incident, which does not involve any physical injury. This general allegation is insufficient to establish the amount in controversy.[14] "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[15]

*Federal Question Jurisdiction*

To assert federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff must state a cause of action arising under federal law, which Plaintiff's Complaint currently fails to do. As Plaintiff's claim against the Defendant involves defamation, it arises under Louisiana tort law, not federal law, and Plaintiff fails to point to any particularized federal law that supports jurisdiction in this case.[16] Even construing Plaintiff's claims liberally in light of his *pro se* status, the Court is independently unaware of any federal law applicable to this case that provides subject matter jurisdiction over the claims asserted.

---

[13] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[14] Plaintiff requests punitive damages in his Complaint, which are not permitted in a defamation action. See, *Ciecierski v. Avondale Shipyards, Inc.,* 572 So. 2d 834 (La. Ct. App. 1990).
[15] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited.
[16] Plaintiff references the definition of "defamation" found in 28 U.S.C. § 4101, which is the section of the United States Code regarding foreign judgments and is inapplicable to the Plaintiff's claim (R. Doc. 1, p. 5).

Notwithstanding these deficiencies, Plaintiff will be given the opportunity to amend his Complaint pursuant to Fed. R. Civ. P. 15 to attempt to assert a basis for subject matter jurisdiction. **Plaintiff must file a comprehensive, Amended Complaint**, that sets forth all of Plaintiff's allegations, as revised, supplemented, and/or amended, which adequately alleges diversity of citizenship and the requisite amount in controversy, **within thirty days**. Plaintiff's Amended Complaint must fully comply with the requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Filing Procedures regarding the form and content of federal pleadings.[17]

Alternatively, instead of filing an Amended Complaint, Plaintiff may voluntarily dismiss his Complaint by filing a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), which should simply state that Plaintiff desires to voluntarily dismiss his Complaint, and which would result in the dismissal of Plaintiff's Complaint without prejudice.[18]

Accordingly,

**IT IS ORDERED** that by no later than **November 15, 2021**, Plaintiff must file a comprehensive, Amended Complaint, which sets forth all of Plaintiff's allegations, as revised, supplemented, and/or amended, and that fully complies with the requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Filing Procedures regarding the form and content of federal pleadings, which adequately alleges the basis for federal subject matter jurisdiction in this case. Alternatively, Plaintiff may voluntarily dismiss his

---

[17] *See* Fed. R. Civ. P. 8, 10-11, which are available online and likely at public libraries, and Local Rules 5, 7, 10, and 11, which may be found on the Court's website at https://www.lamd.uscourts.gov/court-info/local-rules-and-orders ("Middle District of Louisiana--Local Rules"). The Court's Administrative Filing Procedures can also be found on the Court's website. Another resource available is Representing Yourself in Federal District Court: A Handbook for *Pro Se* Litigants, which is available at https://www.lamd.uscourts.gov/pro-se-filing-without-attorney-0.

[18] A dismissal without prejudice may permit Plaintiff to pursue his claims in another venue, including the Louisiana state courts of general jurisdiction, although no opinion is given as to the legitimacy or viability of Plaintiff's claims in such other courts.

Complaint by filing a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), as explained above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Ruling and Order on Plaintiff Dawoo Mills via regular and certified mail, return receipt requested, at the address listed on PACER.

**Failure to respond as ordered may result in a recommendation of dismissal of Plaintiff's claims in this matter without further notice.**

Signed in Baton Rouge, Louisiana, on October 15, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**