# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DAWOO MILLS**                                              **CIVIL ACTION**

**VERSUS**                                                   **NO. 21-368-SDD-SDJ**

**DOLLAR GENERAL**
**CORPORATE OFFICE**

---

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 15, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAWOO MILLS**                                                                  **CIVIL ACTION**

**VERSUS**                                                                            **NO. 21-368-SDD-SDJ**

**DOLLAR GENERAL**
**CORPORATE OFFICE**

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff Dawoo Mills filed this cause of action on June 24, 2021. Plaintiff, who is appearing without the assistance of counsel, sued Dollar General after a disagreement with the store's manager. (R. Doc. 16). On February 9, 2022, this Court issued a Scheduling Conference Order (R. Doc. 20) requiring the parties to participate in a Rule 26(f) discovery planning conference and then, based on their discussions during that conference, submit a joint Status Report by April 21, 2022. The parties were additionally ordered to attend a Scheduling Conference in May of 2022. (R. Doc. 20). Plaintiff has failed to comply with every requirement of the Court's Scheduling Conference Order (R. Doc. 20).

First, Plaintiff failed to participate in the Rule 26(f) conference with Defendant, refusing to discuss any deadlines or discovery planning (R. Doc. 26-1 at 1) (defendant represents that Mr. Mills refused to cooperate in discovery planning and was only willing to discuss his recent settlement demand). Because of Plaintiff's refusal, Defendant was forced to seek leave of Court (R. Doc. 26) to separately file their own Status Report by the April 21, 2022 deadline (R. Doc. 26-

2). And finally, Plaintiff failed to attend the Scheduling Conference, as required, on May 11, 2022 (R. Docs. 20 and 28), after which the Court took this matter under advisement. (R. Doc. 29).

Plaintiff has taken no action in this litigation following his failure to comply with any of the requirements of this Court's Scheduling Order. He has never sought leave to file an untimely status report or otherwise attempted to have the Scheduling Conference reset. The Court has heard nothing from Plaintiff in 7-plus months. (R. Doc. 23) (Plaintiff last filing on March 2, 2022). What's more, in a recent filing, Defendant indicated that "All attempts at communication with Plaintiff have been unsuccessful." (R. Doc. 30 at 1). Defendant has therefore not been able to make any progress in discovery or otherwise. Therefore, this litigation has remained stagnant for over 7 months due to Plaintiff's inaction and failure to comply with Court Orders (R. Docs. 20 and 28).

Local Rule 41(b) allows the Court to dismiss any cause of action for the plaintiff's failure to prosecute. Plaintiff was notified of the requirements of the Scheduling Conference Order. He not only failed to comply with any of those requirements but has taken no action to further his case since March of 2022. And so, for the reasons given above,

**IT IS RECOMMEDED** that Plaintiff's action be **DISMISSED without prejudice** for failure to prosecute under Local Rule 41(b). The 14-day objection period that follows this Report and Recommendation serves as notice to Plaintiff that his cause of action is subject to dismissal for his inaction.

Signed in Baton Rouge, Louisiana, on December 15, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**